UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PLEX CAPITAL LLC, Plaintiff, vs. GENEVA OPCO LLC, *et al.*, Defendants. | : | Case No. 1:22-cv-01893 OPINION & ORDER [Resolving Doc. 16] |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Plex Capital LLC ("Plex") has a factoring agreement with Trusential, LLC ("Trusential"). In this case, Plex sues three of Trusential's customers, Geneva Opco LLC, Ridgewood Manor LLC, and Concord Care Center of Toledo, Inc., to collect payment from them.[1] Now, Trusential seeks to intervene as a party to protect its interests over and above Plaintiff Plex.[2] And Plex opposes.[3]

For the following reasons, the Court **DENIES** Trusential's motion to intervene.

## I. Discussion

Federal courts must have subject matter jurisdiction to hear a case, and diversity jurisdiction is one way to obtain it. There is diversity jurisdiction when (1) complete diversity exists and (2) the amount of controversy exceeds $75,000.[4] Complete diversity exists only when all parties on one side of the case are citizens of different states from all parties on the opposing side.[5] In diversity cases, federal courts cannot exercise supplemental jurisdiction

---

[1] Doc. 1.
[2] Doc. 16.
[3] Doc. 18.
[4] 28 U.S.C. § 1332.
[5] *SHR Ltd. Partnership v. Braun,* 888 F.2d 455, 456 (6th Cir.1989) (citing 28 U.S.C. § 1332).

over Rule 24 intervenors' claims if it would destroy complete diversity.[6]

The court's subject matter jurisdiction over this case is based on diversity of citizenship. Plaintiff Plex is a Kansas citizen.[7] Defendants Geneva, Ridgewood, and Concord Care are all Ohio citizens.[8] Complete diversity exists among the original parties. But Trusential would destroy complete diversity if it intervenes. Trusential is an Ohio citizen[9] and is seeking to intervene as a party plaintiff. Trusential's proposed claims are against three Defendants, which are other Ohio citizens.

Trusential mentions that it also has "potential" claims against Plaintiff Plex, but does not include any of them in its proposed pleading and mainly focuses on its claims against Defendants. And Trusential asks this Court to allow it to intervene as a party plaintiff, not as a party defendant. It makes most sense to classify Trusential as a party plaintiff. Since Ohio citizens would be on both sides of the case, there would be no complete diversity. Accordingly, the Court is unable to exercise supplemental jurisdiction over Trusential's proposed claims.

## II. Conclusion

For the foregoing reasons, the Court **DENIES** Trusential's motion to intervene.

IT IS SO ORDERED.

Dated: July 10, 2023

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[6] 28 U.S.C. § 1367.
[7] Doc. 1 at 3.
[8] *Id.*
[9] Doc. 16 at 7 (PageID 165).